SAUNDERS, LEWIS & RAY, The Associates Insurance Agency, Inc., successor in interest to Berry, Saunders, Lewis Insurance Agency, Inc., *et al.*, Plaintiffs- Appellants, v. BILL J. EVANS *et al.*, Defendants-Appellees.

Fourth District   No. 4—86—0894

Opinion filed July 30, 1987.

Ted Crewell, of Champaign, for appellants.

D. Cameron Dobbins, of Dobbins, Fraker, Tennant, Joy & Perlstein, P.C., of Champaign, for appellees.

JUSTICE KNECHT delivered the opinion of the court:

Plaintiffs, a corporate insurance agency and two of its principal shareholders, filed suit against the defendant attorneys alleging malpractice by the defendants. Defendants allegedly caused plaintiffs to not register or report a transfer of the insurance agency's stock, which permitted the purchaser of that stock to rescind the transaction. The Champaign County circuit court entered summary judgment for defendants, finding the stock transaction in question was not rescindable under the Illinois Securities Law of 1953. (Ill. Rev. Stat. 1979, ch. 121, par. 137.1 *et seq.* (Securities Law).) We affirm.

The essential facts are undisputed. Prior to July 1, 1980, the plaintiff corporation engaged the defendants to represent it in a transaction in which plaintiff issued corporate stock and sold it to Max Reid, who is not a party to this lawsuit. As a result of this transaction, Max Reid acquired 24.3% of the plaintiff's outstanding stock. Mr. Reid was also simultaneously elected to the corporate plaintiff's board of directors and made an officer in the corporation.

A few months after the plaintiff corporation consummated the transaction with Max Reid, Reid filed suit to rescind the transaction on grounds it had not been properly registered or reported under the Illinois Securities Law. In its answer to Max Reid's complaint, the plaintiff acknowledged the transaction with Reid involved "securities" regulated by the Securities Law and was voidable because not registered or reported. The court entered judgment against the plaintiffs in the amount of the purchase price, plus interest and attorney fees. Plaintiffs did not appeal from this judgment.

Plaintiffs filed this suit in Champaign County circuit court alleging the defendant attorneys were negligent in failing to inform plaintiffs the transaction with Max Reid would be voidable at his election unless properly registered (Ill. Rev. Stat. 1979, ch. 121½, par. 137.5), or reported (Ill. Rev. Stat. 1979, ch. 121½, par. 137.4(G)), under the Securities Law. Defendants filed a motion for summary judgment. In this motion, defendants argued Max Reid was not a "passive investor" in the plaintiff corporation, thus Reid and the plaintiffs had not engaged in a "securities" transaction as that term is understood by the Securities Law. Absent a "securities" transaction, registration or reporting was not required. The circuit court granted defendants' mo-

tion and this appeal ensued.

■■ ■ However it may be viewed for other purposes, a share of corporate stock is a "security" for purposes of Illinois securities laws only when a party "invests his money in a common enterprise on the theory that he expects to receive profits *solely from the efforts of others.*" (Emphasis in original.) (*Polikoff v. Levy* (1965), 55 Ill. App. 2d 229, 234, 204 N.E.2d 807, 809, *cert. denied* (1965), 382 U.S. 903, 15 L. Ed. 2d 156, 86 S. Ct. 237; see also *Condux v. Neldon* (1980), 83 Ill. App. 3d 575, 404 N.E.2d 523.) In *Polikoff*, the appellate court first adopted the "passive investor" test for securities regulation espoused under Federal law in *Securities & Exchange Com. v. W. J. Howey Co.* (1946), 328 U.S. 293, 90 L. Ed. 1244, 66 S. Ct. 1100. This test recognizes securities laws are intended to protect innocent persons who may invest their money in speculative ventures over which they have little or no control. When an investor occupies a position giving him control over his investment, he is no longer in need of the protection afforded by the Illinois securities laws. *Polikoff v. Levy* (1965), 55 Ill. App. 2d 229, 234, 204 N.E.2d 807, 809.

■ The plaintiffs have placed great emphasis upon the inclusion of "stock" as an instrument specifically designated a "security" by the Securities Law. (Ill. Rev. Stat. 1979, ch. 121½, par. 137.2—1.) Although this fact is entitled to some consideration, the courts have repeatedly emphasized substance should control over form when determining whether an instrument is a "security." (*United Housing Foundation, Inc. v. Forman* (1975), 421 U.S. 837, 44 L. Ed. 2d 621, 95 S. Ct. 2051; *Condux v. Neldon* (1980), 83 Ill. App. 3d 575, 404 N.E.2d 523; *Polikoff v. Levy* (1965), 55 Ill. App. 2d 229, 234, 204 N.E.2d 807, 809.) Economic realities and the relationships among the parties to the transaction determine whether a purchaser is entitled to the protection afforded by registering an instrument pursuant to the Illinois securities laws.

Plaintiffs' argument that recent cases have expanded the "solely from the efforts of others" test used in *Howey* to broaden the definition of "security" similarly leaves us unpersuaded. (See *Tcherepnin v. Knight* (1967), 389 U.S. 332, 19 L. Ed. 2d 564, 88 S. Ct. 548; *Securities & Exchange Com. v. Koscot Interplanetary, Inc.* (5th Cir. 1974), 497 F.2d 473; *Ronnett v. American Breeding Herds, Inc.* (1984), 124 Ill. App. 3d 842, 464 N.E.2d 1201.) In *Tcherepnin*, the Supreme Court expressly agreed with the dissenting appeals court judge who found the investors at issue had even less control over their investments than did the investors in *Howey*. In *Koscot* and *Ronnett*, the courts found the investments at issue to be securities despite certain activi-

ties and decisions undertaken by the investors because those activities and decisions did not afford managerial control over the investments.

■ When Max Reid acquired nearly one-fourth of the corporate plaintiff's stock, he also attained positions on the board of directors and as a corporate officer. Although Max Reid did not obtain unfettered control over the workings of the corporation, he retained power by virtue of his offices to influence the direction taken by the business. More importantly, as conceded by the plaintiffs in the trial court, Max Reid was not a passive investor expecting to receive profits "solely through the efforts of others." Rather, he became a part of the corporate plaintiff's management. Because Max Reid was not a passive investor in the corporate plaintiff, the transfer of stock between Reid and the plaintiffs was not subject to the registration requirements of the Illinois securities laws.

■ Even if the transaction between Max Reid and the plaintiffs involved "securities," we reject plaintiffs' claim defendants were negligent in failing to file a report of the transaction within 30 days of the sale, which would have exempted the transaction from registration requirements. (Ill. Rev. Stat. 1979, ch. 121½, par. 137.4(G).) The trial court correctly decided Max Reid, as a corporate officer and director, had a duty to report the transaction. Having failed to report this transaction, Max Reid was in no position to seek rescission because the plaintiffs had also failed to file the required documents. *James v. Erlinder Manufacturing Co.* (1979), 80 Ill. App. 3d 4, 398 N.E.2d 1225.

In *James*, the plaintiff purchased 20% of the defendant corporation's stock. The same day this purchase was completed, plaintiff was made a director and an officer of the defendant corporation. The plaintiff actively participated in managing the corporation for nearly three years before seeking rescission of the stock transaction because a report had not been filed within 30 days as required by the Securities Law. The trial court ordered rescission of the transaction. In reversing, the appellate court emphasized the plaintiff was an officer and a director at the time the report should have been filed and that the defendant was a closely held corporation. Under these facts, with no allegation of reliance upon information required to be disclosed, the appellate court found the purposes of the Illinois securities laws would not be served by permitting the plaintiff to rescind his purchase of defendant's stock. Like the plaintiff in *James*, Max Reid, as a member of management, was not free to ignore his obligation to report the transaction with plaintiffs while seeking to gain by their failure to report.

As a matter of law, the defendants were not negligent in failing to register or report the transaction between Max Reid and the plaintiffs. We therefore affirm the judgment of the circuit court of Champaign County.

Judgment affirmed.

McCULLOUGH and LUND, JJ., concur.